MOTION PICTURE INDUSTRY PENSION PLAN, Plaintiff–
Appellee, v. HAWAI'IAN KONA COAST ASSOCIATES,
a California Limited Partnership, HAWAI'IAN KONA
COAST ASSOCIATES, a Hawai'i Limited Partnership,
RENO A. IANNINI, EVELYN L. IANNINI, JAMES T.
KANAI, KAREN C. KANAI, KHA PARTNERS, a Hawai'i
General Partnership, and OSJ CONSTRUCTION, a Califor-
nia Corporation, Defendants–Appellants, and GEORGE H.
MIM MACK, ELINOR M. MIM MACK, COUNTY OF
HAWAI'I, JOHN DOES 1–50, JANE DOES 1–50, DOE
PARTNERSHIPS 1–50, DOE CORPORATIONS 1–50,
and DOE GOVERNMENTAL ENTITIES 1–50, Defendants

NO. 14785

(CIV. NO. 89–30K)

and

MOTION PICTURE INDUSTRY PENSION PLAN, Plaintiff–
Appellee, v. HAWAI'IAN KONA COAST ASSOCIATES,
a California Limited Partnership, HAWAI'IAN KONA
COAST ASSOCIATES, a Hawai'i Limited Partnership,
RENO A. IANNINI, EVELYN L. IANNINI, JAMES T.
KANAI, KAREN C. KANAI, KHA PARTNERS, a Hawai'i
General Partnership, and OSJ CONSTRUCTION, a Califor-
nia Corporation, Defendants–Appellants, and GEORGE H.
MIM MACK, ELINOR M. MIM MACK, COUNTY OF
HAWAI'I, JOHN DOES 1–50, JANE DOES 1–50, DOE
PARTNERSHIPS 1–50, DOE CORPORATIONS 1–50,
and DOE GOVERNMENTAL ENTITIES 1–50, Defendants

NO. 14786

(CIV. NO. 89–31K)

DECEMBER 20, 1991

BURNS, C.J., HEEN, J., AND CIRCUIT
JUDGE KAULUKUKUI, ASSIGNED
BY REASON OF VACANCY

AMENDED OPINION OF THE COURT BY BURNS, C.J.

In each of these two cases, defendants Hawai'ian Kona Coast
Associates (HKCA California), a California limited partnership,

Hawai'ian Kona Coast Associates (HKCA Hawai'i), a Hawai'i limited partnership, Reno A. Iannini (Reno), Evelyn L. Iannini (Evelyn), James T. Kanai (James), Karen C. Kanai (Karen), KHA Partners, a Hawai'i general partnership, and OSJ Construction Co., Inc. (OSJ Construction), a California Corporation, (collectively Appellants) appeal the May 23, 1990 Order Granting Motion for Summary Judgment and Decree of Foreclosure (May 23, 1990 Summary Judgment) in favor of plaintiff Motion Picture Industry Pension Plan (MPIPP) and the August 6, 1990 Order Denying Defendants' Motion for Reconsideration or in the Alternative for Rehearing.

In each case, we affirm the May 23, 1990 Summary Judgment against HKCA California, HKCA Hawai'i, Reno, James, KHA Partners, and OSJ Construction. In each case, we vacate the May 23, 1990 Summary Judgment against Evelyn and Karen, and remand the case against these two defendants for further proceedings consistent with this opinion.

## FACTS

On February 27, 1985 HKCA Hawai'i closed two almost identical transactions. In the first transaction, it executed in favor of Barclays Mortgage Corporation (Barclays), a California corporation, a February 18, 1985 Note Secured by Deed of Trust. The Note was for a principal sum of $819,000 plus prepaid interest at the rate of 12.5 percent per annum commencing March 11, 1985. The Note was due and payable one year later on March 10, 1986. The Note states that it is "secured by a deed of trust covering certain property situated in Hawai'i County, State of Hawai'i, and more particularly described in said deed of trust."

On February 28, 1985 HKCA Hawai'i, as the trustor, executed a February 18, 1985 Deed of Trust and Assignment of Rents. It named American Title Company as the trustee and Barclays as the beneficiary. The land placed in trust was 5.970 acres

[b]eing all of the land conveyed to HAWAI'IAN KONA COAST ASSOCIATES, a limited partnership registered in the State of California, by Warranty Deed dated January 27, 1984, recorded on January 27, 1984 in the Bureau of Conveyances[.]

In the second transaction, the principal amount of the Note Secured by Deed of Trust was $906,500. The land deeded by the Deed of Trust and Assignment of Rents was 6.691 acres

[b]eing all of the land conveyed to HAWAI'IAN KONA COAST ASSOCIATES, a limited partnership registered in the State of California, by Warranty Deed dated January 25, 1984, recorded on January 27, 1984 in the Bureau of Conveyances[.]

On February 27, 1985, Reno, Evelyn, James, Karen, George H. Mim Mack (George), and Elinor M. Mim Mack (Elinor) signed a lengthy and comprehensive Personal Guaranty and Agreement (Guaranty) for each of the two notes. Each Guaranty specified, in relevant part, that the guarantors guaranteed any and all indebtedness of HKCA Hawai'i to Barclays; that the guaranty was a guaranty of payment and performance rather than a guaranty of collection; that the obligations of the Guarantor were independent of the obligations of the HKCA Hawai'i; that the Guarantor waived any defense based on any disability or other defense of HKCA Hawai'i; and that the obligations of the guaranty accrued to the successors and assigns of Barclays.

MPIPP subsequently acquired Barclays' rights to the above notes, deeds of trust, and personal guarantees. On June 4, 1986, in Civil No. 86–423, MPIPP sued HKCA California, HKCA Hawai'i, Reno, James, and George. MPIPP did not sue Evelyn, Karen, and Elinor. The Complaint alleged that Reno, James, and George were the general partners of both HKCA Hawai'i and HKCA California and that "[b]y mutual mistake" the two notes and deeds of trust were executed by HKCA Hawai'i rather than by

46

the owner of the land, HKCA California. It sought a judgment "[r]eforming and revising" the two notes and deeds of trust to show that when Reno, James, and George signed them as general partners, they did so as general partners of HKCA California rather than HKCA Hawai'i. On June 13, 1986, MPIPP filed a Notice of Pendency of Action in Civil No. 86-423, which was recorded in the Bureau of Conveyances.

KHA Partners acquired its interest in the subject property by way of a quitclaim deed dated May 19, 1987.

OSJ Construction acquired its interest in the subject property by way of a mortgage dated March 4, 1988.

In their opposition to MPIPP's motion for summary judgment in Civil No. 86-423 all defendants were represented by the same attorney who, in a March 19, 1987 memorandum in opposition, stated in relevant part as follows:

## I. STATEMENT OF FACTS

On or about March, 1984, [HKCA California] contacted [Barclays] regarding the setting up of a partnership to develop lots 4 and 5 of certain properties owned by [HKCA California]. . . .

. . . John Mancini . . . was the vice president of Barclays in charge of joint ventures, partnerships and real estate development.

On or about mid–February, 1985 [HKCA California] was contacted by John Mancini who agreed to the partnership to develop lots 4 and 5. The agreement was that [HKCA California] would take out an interim loan from Barclays but the loan would be paid by either Barclays or another entity who would be interested in investing in the partnership. Barclays or its investor would be paid up on the sale of the units on the subject property. .

\* \* \*

Barclays specifically instructed [HKCA California] to form [HKCA Hawai'i] to sign the loan documents which was accomplished. [HKCA Hawai'i] then signed the loan documents on or about February 17, 1985 based upon Barclays representations that they would enter into a partnership with [HKCA California].

\* \* \*

As a part of the partnership agreement, Barclays received approximately $490,745.59 in prepaid interest and fees from the interim loan . . . and Barclays withheld another $552,284.79 . . . to be distributed at Barclays' discretion.

On or about April of 1985, [HKCA California] discovered that John Mancini left Barclays after certain negative publicity that Barclays received. [HKCA California] discovered that as time went on more of the key employees left Barclays and eventually Barclays declared bankruptcy in March, 1986. . . . The president and founder of Barclays, J. R. [sic] Parrish, was eventually indicted for mail fraud.

My partners [sic] and [HKCA California] attempted to talk to representatives of Barclays including Pam Parrish vice president of Barclays who spoke on behalf of Mr. J. F. Parrish. She informed [HKCA California] that the partnership would still take place and that the development could still work out and that Barclays would find an investor for the partnership for the development of the subject property.

. . . [HKCA California] then found out from Barclays' attorneys that the loan was assigned to the [MPIPP] and that Barclays was no longer involved in the

development picture. [HKCA California] then lost contact with Pam Parrish.

* * *

## III. CONCLUSION

The validity of the deeds of trust needs to be fully litigated to determine the true intent of the parties. [MPIPP], although not a party to the original transaction now stands in the shoes of Barclays and must assume Barclays['] obligations if [MPIPP] wishes to enforce the deeds of trust.

* * *

On March 8, 1988, the Third Circuit Court entered an Order Granting Motion for Summary Judgment (March 8, 1988 Summary Judgment) which states in relevant part as follows:

THE COURT FINDS that it was the intent of the general partners of [HKCA California] to secure the Notes and Deeds of Trust dated February 18, 1985 . . . with the real property (Lots 4 & 5 . . . ; therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment be granted and that the Notes . . . and the Deeds of Trust . . . are hereby reformed to reflect that the limited partnership executing the Notes and Deeds of Trust is [HKCA California].

The March 8, 1988 Summary Judgment was not appealed.

On February 14, 1989, MPIPP filed complaints for judgments on the notes and to foreclose the deeds of trust. Civil No. 89–30K and Appeal No. 14785 pertain to the $906,500 Note. Civil No. 89–31K and Appeal No. 14786 pertain to the $819,000 Note. In each case, the lower court entered a May 23, 1990 Findings of Fact, Conclusions of Law; Order Granting Motion for Summary Judgment and Decree of Foreclosure and an August 6, 1990 Order Denying Defendants' Motion for Reconsideration or in the Alternative for Rehearing.

Karen's April 6, 1989 amended third–party complaints against Barclays were not adjudicated. However, the May 23, 1990 decrees of foreclosure were entered as final judgments pursuant to Hawai'i Rules of Civil Procedure Rule 54(b).

Both decrees of foreclosure ordered the properties to be sold at public auction, payment of specified debts, expenses and fees, and, if there was a deficiency, a deficiency judgment against HKCA California, James, Karen, Reno, Evelyn, George, and Elinor, jointly and severally.

The May 23, 1990 Findings of Fact state in relevant part as follows:

16. Defendant KHA Partners claims an interest in the mortgaged property by virtue of a Quitclaim Deed dated May 19, 1987, recorded . . . , which interest is subject to, junior and subordinate to Plaintiff MPIPP's Mortgage.

17. Defendant OSJ Construction Co., Inc. claims an interest in the mortgaged property by virtue of a mortgage dated March 4, 1988, recorded . . . , which mortgage is junior and subordinate to Plaintiff MPIPP's Mortgage.

## DISCUSSION

The following chart lists the parties–defendants and their status in the prior case, Civil No. 86–423, and the cases on appeal.

| NAME | GUARANTOR | DEFENDANT IN CIVIL NO. 86–423 | DEFENDANT IN CASES ON APPEAL | APPELLANT IN CASES ON APPEAL |
|------|-----------|-------------------------------|------------------------------|------------------------------|
| HKCA California | no | yes | yes | yes |
| HKCA Hawai'i | no | yes | yes | yes |
| Reno | yes | yes | yes | yes |
| Evelyn | yes | no | yes | yes |
| James | yes | yes | yes | yes |
| Karen | yes | no | yes | yes |
| KHA Partners | no | no | yes | yes |
| OSJ Construction | no | no | yes | yes |
| George | yes | yes | yes | no |
| Elinor | yes | no | yes | no |

The issue in this appeal is whether the unappealed and final March 8, 1988 Summary Judgment entered in Civil No. 86–423 barred the Appellants from asserting the joint venture agreement defenses in the two cases below.

## Collateral Estoppel

Appellants contend that "[n]one of the issues in the present case were decided in the prior action, either directly or as a consequence of the decision rendered in the previous case." Opening Brief at 11. We disagree. The joint venture agreement defense asserted by Appellants in the two cases below were the same as the joint venture agreement defense asserted by the defendants in Civil No. 86–423. The March 8, 1988 Summary Judgment could not have been validly entered unless the court rejected the joint venture defense. *International Bhd. of Elec. Workers, Local 1357 v. Hawai'ian Tel. Co.*, 68 Haw. 316, 713 P.2d 943 (1986). If the defendants in Civil No. 86–423 disagreed with the March 8, 1988 Summary Judgment's rejection of their joint venture defense, their recourse was to appeal. Because they did not appeal, HKCA California, HKCA Hawai'i, Reno, James, and George were bound by the March 8, 1988 Summary Judgment's rejection of that defense and were collaterally estopped from asserting it in the two cases below. *In re Dowsett Trust*, 7 Haw. App. 640, 791 P.2d 398 (1990).

## Privity

Elinor was a guarantor and a defendant, but she is not an appellant. Karen and Evelyn were guarantors, OSJ Construction was a holder of a subsequent lien, and KHA Partners was the grantee of a subsequent deed, and these four defendants are appellants. These four contend that they cannot be collaterally estopped

by the March 8, 1988 Summary Judgment in Civil No. 86–423 because they were neither parties nor privies of parties in that case. With respect to OSJ Construction and KHA Partners, we disagree. With respect to Karen and Evelyn, we agree.

> The concept of privity has moved from the conventional and narrowly defined meaning of " 'mutual or successive relationship[s] to the same rights of property' " to " 'merely a word used to say that the relationship between the one who is a party of record and another is close enough to include that other within the res ajudicata.' "

*In re Dowsett Trust*, 7 Haw. App. at 646, 791 P.2d at 402 (citation omitted).

OSJ Construction Co., Inc. and KHA Partners were not parties in the prior case but they were privies of parties.

Evelyn and Karen were not parties in the prior case. The question is whether Evelyn and Karen were privies of parties. Our answer is no.

### A.

For purposes of res judicata and collateral estoppel, does the fact that the husband was (1) a guarantor and (2) a general partner of the limited partnerships whose debts were guaranteed, cause the wife who was a guarantor to be in privity with the husband? Our answer is no.

> Adequate representation of the interests of the non-party, . . . , and "proper protection to the rights of the person sought to be bound," . . . , are major considerations in privity analysis. Moreover, since res judicata is an affirmative defense under HRCP Rule 8(c), the party asserting the defense has the burden of proving adequate representation of the interests and proper protection of the rights of the nonparty in the prior action.

\* \* \*

> [A] trial on the merits can strengthen a finding of fairness in binding a non–party because it increases the probability that the issues have been fully addressed and resolved.

*In re Dowsett Trust,* 7 Haw. App. at 646–47, 791 P.2d at 402–03 (citations and footnotes omitted).

A summary judgment is not the result of a trial on the merits. Thus, all there is to support the conclusion that the wife was in privity with the husband in this case are the facts that Karen was married to James and Evelyn was married to Reno. This is not sufficient because a close family relationship, without more, "is not enough to bind a nonparty to a judgment." *Id.*

## B.

With respect to the question whether a guarantor is bound by the creditor's judgment against the debtor can we look to the law applicable to sureties? Our answer is yes. Sureties may or may not be guarantors, but guarantors are sureties. Hawai'i Revised Statutes § 490:1–201(40) (1985). With respect to a privity issue in the res judicata and collateral estoppel context, we conclude that the law applicable to a guarantor should be the same as the law applicable to a surety. We agree that "it is contrary to both precedent and logic to treat sureties and guarantors differently when the defense concerns the continuing viability of the underlying obligation." *Rhode Island Hosp. Trust Nat'l Bank v. Ohio Casualty Ins. Co.,* 789 F.2d 74, 78 (1st Cir. 1986).

## C.

Is a surety bound by the creditor's judgment against the principal? Hawai'i has not answered this question. Other states have divergent views.

[T]he effect of a creditor's judgment against a principal in a subsequent suit between the creditor and the principal's surety . . . is a matter of divergent opinions. The case law is in "hopeless confusion" as "[t]he cases are in such conflict that they now seem to be irreconcilable." Currently, four distinct views are held by the courts on this issue: (1) the judgment is conclusive upon the surety; (2) it creates a *prima facie* case against the surety; (3) it creates a rebuttable presumption of the principal's liability to the creditor or (4) it is entitled to no weight whatsoever.

*Indiana Univ. v. Indiana Bonding & Sur. Co.*, 416 N.E.2d 1275, 1283 (Ind. App. 2 Dist. 1981) (citations omitted).

We conclude that view 4 accords too little recognition to the prior judgment. View 1 accords too much recognition to the prior judgment. View 2 overreaches. We adopt view 3, the view set forth in § 139 of the Restatement of Security (1941). That section, and the comment thereto, state, in relevant part, as follows:

§ 139. Judgments between Creditor and Principal: Effect as Proof of Principal's liability in Action by Creditor Against Surety.

\* \* \*

(2) Where, in an action by a creditor against a principal, judgment is given, other than by default or confession, in favor of the creditor, and the creditor subsequently brings an action against the surety, proof of the judgment in favor of the creditor creates a rebuttable presumption of the principal's liability to the creditor.

\* \* \*

Comment on Subsection (2):

\* \* \*

c.     The rule stated in this Subsection expresses a middle ground between the possible

rule that a judgment against the principal is conclusive of the principal's liability, even in an action against the surety, and that such a judgment is evidence only of the fact of its rendition. It is inequitable to bind the surety conclusively by a judgment to which he is not a party. On the other hand, it is not unfair to make a rebuttable presumption of the regularity of the judicial proceedings antecedent to the judgment and of the correctness of the judgment as evidence of the principal's liability. Under the rule stated in Subsection (2), it is open to the surety to prove if he can that judgment should have been rendered for the principal. What must be adduced by the surety to overcome the rebuttable presumption is a matter to be determined by the law of evidence.

The result of the rule stated in Subsection (2) is that in cases where the surety cannot rebut the presumption of the judgment against the principal and where the surety has no other defense, time and expense are saved to courts and litigants by the avoidance of unnecessary duplication of trials on identical issues of fact.

## D.

In its Answering Brief, MPIPP contended that Karen and Evelyn were in privity with James, Reno, and George because their interests and rights are identical and James, Reno, and George adequately represented Karen's and Evelyn's interests in Civil No. 86–423. Based on the record before us, we disagree that James, Reno, and George adequately represented Karen's and Evelyn's interests.

## E.

In its December 12, 1991 Motion for Reconsideration of our initial opinion, MPIPP contended that since Karen and Evelyn did not submit their affidavits that it was the intent of the parties to form a joint venture, they failed to raise a genuine issue of material fact. We disagree. Karen and Evelyn have satisfied their burden by relying on the affidavits of their respective husbands, James and Reno.

## CONCLUSION

Accordingly, in both Civil No. 89–30K and Civil No. 89–31K, the May 23, 1990 Order Granting Motion for Summary Judgment and Decree of Foreclosure and the August 6, 1990 Order Denying Defendant's Motion for Reconsideration or in the Alternative for Rehearing are (1) affirmed as to defendants–appellants Hawai'ian Kona Coast Associates California, Hawai'ian Kona Coast Associates Hawai'i, Reno A. Iannini, James T. Kanai, KHA Partners, and OSJ Construction, and (2) vacated as to defendants–appellants Evelyn L. Iannini and Karen C. Kanai. Civil No. 89–30K and Civil No. 89–31K are remanded for further proceedings consistent with this opinion.

*Joseph S. Y. Hu* and *Linda L. W. Chow* on the briefs for defendants–appellants.

*John R. Lacy* and *Lindalee K. Farm* (Goodsill, Anderson, Quinn & Stifel) on the briefs for plaintiff–appellee.