**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000094
28-JAN-2022
08:04 AM
Dkt. 80 SO

NO. CAAP-17-0000094

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ERNEST J. FREITAS, JR., as Trustee of
Ernest J. Freitas, Jr. Revocable Trust Declaration
Dated December 20, 1990, as amended, Plaintiff-Appellant, v.
STATE OF HAWAIʻI, through DAVID Y. IGE,
in his official capacity as Governor of the
State of Hawaiʻi; PHYLLIS SHIMABUKURO-GEISER,
in her official capacity
as Chairperson of the Board of Agriculture
and the Department of Agriculture
of the State of Hawaiʻi;[1] BRIAN K.C. KAU,
individually and in his official capacity as Administrator
of the Agricultural Resource Management Division
of said Department of Agriculture; and
SUZANNE D. CASE, in her official capacity
as Chairwoman of the Board of Land and Natural Resources
and the Department of Land and Natural Resources
of the State of Hawaiʻi, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC16-1-001700)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Plaintiff-Appellant Ernest J. Freitas (**Freitas**), *pro se*, appeals from the Circuit Court of the First Circuit's (**Circuit Court**) Order Granting Defendant's Motion to Dismiss

---

[1] At the time this case arose, Scott Enright was the Chairperson of the Board of Agriculture and the Department of Agriculture of the State of Hawaiʻi. Pursuant to Hawaiʻi Rules of Appellate Procedure Rule 43(c)(1), relating to substitution of parties, Phyllis Shimabukuro-Geiser, current Chairperson of the Board of Agriculture and the Department of Agriculture of the State of Hawaiʻi, is substituted as a named party to this case.

Complaint and Final Judgment, entered on February 1, 2017.[2]  On appeal, Freitas challenges the dismissal of his 2016 Complaint for Declaratory Judgment and Injunctive Relief and to Quiet Land Title (**2016 Complaint**), asserting the following points of error:

- A. "The Lower Court erred in granting Appellees' Rule 12(b)(6) Haw.R.Civ.Proc., motion to dismiss on the ground that Appellant failed to state a claim because the instant claims had been previously decided in the 2007 lawsuit and were barred by claim preclusion doctrine," with eight sub-points;

- B. "The Lower Court erred in essentially granting summary judgment in favor of appellees . . . . Rather, it should have granted summary judgment in favor of Appellant on his requested issues, thereby precluding dismissal with prejudice of Appellant's entire case," with four sub-points; and

- C. "Appellees should have been equitably estopped from succeeding on their motion to dismiss Appellant's instant complaint under the circumstances of this case," with two sub-points.

(Formatting altered.)

Conversely, Defendant-Appellee State of Hawaiʻi (**State**) asserts that Freitas's 2016 Complaint raises the same claims as the amended complaint he filed in 2008 (**2008 Complaint**), and that the State performed all that was required under the 2008

---

[2]  The Honorable Edwin C. Nacino presided.

agreement between Freitas and the State (**2008 Agreement**).  The State also asserts that "Freitas'[s] options were to bring suit to enforce the Settlement Agreement, claim the Settlement Agreement was void, or request an interpretation of the three conditions," but instead he "bases all of his claims on the alleged defective 1928 Deed, the 1983 Opinion, the State Abstract, the State terminating and not restoring water service, and the State not maintaining a bridge over the [d]itch."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Freitas's points of error as follows.

Freitas owns most of Homestead Lot 119 in Waimea on the island of Hawaiʻi.  Dissecting and landlocking a large portion of Lot 119 is the Hāmākua ditch, the land under which is owned by the State.  Freitas filed the 2008 Complaint asserting nine counts against the State relating to the ditch,[3] and then entered

---

[3]  The 2008 Complaint asserted the following nine counts:

Count I  "Quiet title";

Count II  "Injunction";

Count III  "Implied easement by necessity and implication across, under, and through the property - [Hawaii Revised Statutes (**HRS**)], Chapter 664, Part III";

Count IV  "Plantiff's water rights under the 1921 grant or 1928 deed - HRS, Chapter 664, Part III";

Count V  "Detrimental reliance; promissory estoppel";

Count VI  "State's constitutional duty to promote and protect diversified agriculture - Haw. Const., Article XI, Section 3";

(continued...)

3

into the 2008 Agreement resolving those claims. The 2008 Agreement contained an exception for future disputes, and expressly did not preclude litigation in the event of disagreement about the parties' respective rights and liabilities arising out of their respective property ownership as to three circumstances pertaining to the (1) building and maintenance of a fence, (2) maintenance of a bridge, and (3) access to water. Pursuant to the 2008 Agreement, the parties then executed and filed a stipulation for dismissal of all claims with prejudice.

Eight years later, Freitas filed the 2016 Complaint asserting twelve counts against the State.[4] The State moved to

---

[3](...continued)

| | | |
|---|---|---|
| Count VII | "Due process of law - U.S. Const., Amendments V and XIV; Haw. Const., Art. I, Section 20"; |
| Count VIII | "Equal protection of the law - U.S. Const., Amendment XIV; Haw. Const., Art. I, Section 5"; and |
| Count IX | "Breach of covenants running with Plaintiff's land." |

(Some formatting altered.)

[4] The 2016 Complaint asserted the following twelve counts:

| | |
|---|---|
| Count I | "Breach of contract or failure to satisfy conditions running with Plaintiff's land"; |
| Count II | "Injunctive relief"; |
| Count III | "Declaratory judgment"; |
| Count IV | "Cancellation of settlement agreement and 1928 void deed"; |
| Count V | "Quiet title"; |
| Count VI | "Plaintiff's water rights under the 1921 grant or 1928 deed - HRS, Chapter 664, Part III"; |
| Count VII | "Implied easement by implication and necessity across, under, and through the ditch right-of-way in question - HRS, Chapter 664, Part III"; |
| Count VIII | "State's constitutional duty to promote and protect diversified agriculture - Haw. Const., Article XI, Section 3"; |

(continued...)

dismiss the 2016 Complaint pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b)(6), asserting that Freitas failed to state a claim upon which relief can be granted, and that his claims were barred by claim preclusion. The Circuit Court dismissed the 2016 Complaint with prejudice based on the State's arguments. Freitas timely appealed.

**A.    The Circuit Court Erred In Part**

We address Freitas's first two points of error together, which may be summarized as asserting that his 2016 claims were different from his 2008 claims, and were specifically permitted by the 2008 Agreement. Conversely, the State argues that Freitas's claims were properly dismissed based on claim preclusion.

Claim preclusion "prohibits a party from relitigating a previously adjudicated cause of action." Bremer v. Weeks, 104 Hawaiʻi 43, 53, 85 P.3d 150, 160 (2004) (citation and internal quotation marks omitted). The party asserting claim preclusion must show "(1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question." Id. at 54, 85 P.3d at 161. See In re Dowsett Trust, 7 Haw. App. 640,

---

[4](...continued)

| | |
|---|---|
| Count IX | "HRS, Chapter 205, Part III - Important agricultural lands"; |
| Count X | "Disparagement of title"; |
| Count XI | "Due process of law - U.S. Const., Amendments V and XIV; Haw. Const., Art. I, Section 20"; and |
| Count XII | "Equal protection of the law - U.S. Const., Amendment XIV; Haw. Const., Art. I, Section 5." |

(Some formatting altered.)

645, 791 P.2d 398, 402 (1990) (explaining that dismissal with prejudice based on a stipulated agreement was a final judgment on the merits for claim preclusion purposes).

The dispositive question here is whether the claims raised in the 2016 Complaint were identical to claims raised in the 2008 Complaint. We hold that the Circuit Court erred in dismissing Counts I-VIII, and did not err in dismissing Counts X-XII, based on claim preclusion. We also hold that the Circuit Court did not err in dismissing Count IX based on the State's argument that he failed to exhaust administrative remedies.

1. **The Circuit Court Erred In Dismissing Counts I-VIII**

Freitas argues that it was improper for the Circuit Court to dismiss his claims, and taking the allegations in the complaint to be true as we must, we hold that the Circuit Court erred in dismissing Counts I-VIII. See Justice v. Fuddy, 125 Hawaiʻi 104, 107-08, 253 P.3d 665, 668-69 (App. 2011) (explaining that a trial court's ruling on an HRCP Rule 12(b)(6) motion to dismiss is reviewed de novo, and that "our consideration is strictly limited to the allegations of the complaint, and we must deem those allegations to be true") (citation omitted).

In Counts II, III, and IV of the 2016 Complaint, Freitas alleged that the State violated the 2008 Agreement. For example, in Count II, regarding water, Freitas asserted that the State has "ignored [its] responsibilities under the above-described arrangements with impunity lately, pursuant to the Settlement Agreement . . . ." In Count III, Freitas asked, "did [the State] violate the Settlement Agreement by their failure to satisfy the two above-mentioned conditional limitations in either

6

the 1928 deed in question or the 1921 Grant, or by custom and usage[?]" And in Count IV, Freitas asserted that "[i]f the Settlement Agreement and its underlying May 1, 1928 deed in question are not cancelled, [he] will suffer serious further injury." These counts asserted non-compliance with the 2008 Agreement, and the Circuit Court erred in dismissing these counts based on claim preclusion because the State's compliance with the 2008 Agreement could not have been raised in the 2008 Complaint.

The Circuit Court also erred in dismissing Counts I, V, VI, VII, and VIII. Although these counts are substantially similar to Counts I, III, IV, VI, and IX of the 2008 Complaint, the counts in the 2016 Complaint raise questions about the rights and liabilities arising out of the ownership of the property-claims, which were reserved by the 2008 Agreement.

In the 2008 Agreement, the parties agreed that the agreement "shall operate as a complete and final resolution of any disputed or contingent claims between the parties hereto arising out of the dispute which is the subject matter of the civil action, except as otherwise provided for in paragraph 7[.]" Paragraph 7 provides:

> In the event the non-exclusive term easement shall terminate or shall expire on its own terms, or there arises a conflict between the terms of the non-exclusive term easement and the underlying documents through which the parties obtained their current interests in the three parcels, or the parties do not have any mutual agreement governing their respective rights and liabilities arising out of their respective ownership of the three parcels, the parties expressly agree that either party, at their option, may attempt to resolve, through litigation, arbitration, or any other practicable method, the issue of the interpretation of the three conditions:
>
> > D. THAT [the Ditch Company] will erect and maintain a substantial cattle-proof fence along each side of the right-of-way for the main ditch of the Upper Hamakua Ditch across [] Lot 119 Puukapu Homesteads . . . ;

7

> E.　　THAT it will maintain a substantial bridge over and across said ditch;
>
> F.　　AND THAT during the existence and operation by it of said ditch within said right-of-way hereinabove granted and conveyed to [STATE] by the [Owners], [Owners] and their heirs and assigns, will be permitted to take from said ditch, through a three-fourths inch pipe from said ditch, sufficient water for domestic uses and needs, including the watering of the stock of [Owners] as may be run on said Lot 119, Puukapu Homesteads, aforesaid, but not for irrigation purposes, provided, however, that [Owners], their heirs and assigns, shall at all times, maintain a faucet at the end of said pipe and shall keep the same closed when water is not being used.

(Emphases added.)

Restated, the interpretation of the three conditions may be resolved through litigation if:

(1)　"the non-exclusive term easement shall terminate or shall expire on its own terms, or"

(2)　"there arises a conflict between the terms of the non-exclusive term easement and the underlying documents through which the parties obtained their current interests in the three parcels, or"

(3)　"the parties do not have any mutual agreement governing their respective rights and liabilities arising out of their respective ownership of the three parcels[.]"

Otherwise, the 2008 Agreement was a complete and final resolution of the claims Freitas raised in the 2008 Complaint.

In Count I, Freitas asserted that he is "entitled to fulfillment or performance of the second covenant in the 1921 Grant, to realize sufficient water for 'domestic uses and needs' as well as for grazing purposes." In Count V, Freitas asserted that "the State has deliberately failed to use the property for

8

its intended purposes for decades now and has refused to perform or satisfy its 'substantial' obligations under the 1921 Grant or the 1928 deed in question[.]"  In Count VI, Freitas "requests a judicial determination of his rights as to water usage . . . ."  In Count VII, Freitas "contends he has or is entitled to an easement by implication and by necessity under the 1921 Grant and the 1928 deed in question . . . ."  And in Count VIII, Freitas "requests that a judgment and decree be entered reinstating [his] water rights against the State in this action . . . ."

To the extent these counts raise questions about the rights and liabilities arising out of the ownership of property pertaining to the interpretation of the water access condition, the 2008 Agreement provides that Freitas "may attempt to resolve, through litigation, arbitration, or any other practicable method, the issue of the interpretation of the three conditions . . . ."  Thus, the Circuit Court erred in dismissing these counts based on claim preclusion.

## 2.    The Circuit Court Did Not Err In Dismissing Counts IX-XII

The Circuit Court, however, did not err in dismissing the remaining counts.  In Count IX, Freitas claimed that "it is fundamentally unfair to classify [his] land presently as 'important agricultural lands', pursuant to HRS, Title 13, Chapter 205, Part III[.]"  In its motion to dismiss, the State argued, among other things, that Freitas did not demonstrate that he exhausted administrative remedies through the Land Use Commission.  In dismissing this count based on the State's argument, the Circuit Court did not err because Freitas failed to

9

allege in his complaint that he exhausted administrative remedies or that the administrative remedies did not apply to him.  See HRS § 205-4 (2017) (general procedure for reclassifying important agricultural lands); Kona Old Hawaiian Trails Grp. v. Lyman, 69 Haw. 81, 93, 734 P.2d 161, 169 (1987) (explaining that "judicial review of agency action will not be available unless the party affected has taken advantage of all the corrective procedures provided for in the administrative process") (citation and internal quotation marks omitted).

In Count X, Freitas claimed that the State "disparaged [his] exclusive valid title to the property in question by and through the preparation and publishing of the State's fatally defective Abstract of Title" citing to Exhibit A-8.  Freitas again cited to Exhibit A-8 stating, "[t]he former trial court in the 2007 lawsuit was presented with and had proper notice of serious allegations that went to the very integrity of the judicial proceedings."  Because the record indicates that Exhibit A-8 was part of the 2008 Complaint and the 2008 Agreement was a "complete and final resolution of any disputed or contingent claims between the parties hereto arising out of the dispute which is the subject matter of the civil action," the Circuit Court did not err in dismissing Count X.  And the due process and equal protection claims in Counts XI and XII of the 2016 Complaint were the same claims raised in Counts VII and VIII of the 2008 Complaint.  Thus, the Circuit Court did not err in dismissing these counts.

**B.    Equitable Estoppel Was Not Properly Raised**

In his third point of error, Freitas asserts equitable estoppel.  Freitas, however, did not raise equitable estoppel in his complaint and did not provide any argument on this issue in his opposition to the State's motion to dismiss.  We, thus, do not reach this issue on appeal.

Therefore, IT IS HEREBY ORDERED that the Circuit Court's February 1, 2017 Order Granting Defendant's Motion to Dismiss Complaint and Final Judgment is vacated, and this case is remanded for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, January 28, 2022.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Ernest J. Freitas, Jr.,
Trustee,                                /s/ Karen T. Nakasone
Plaintiff-Appellant, *pro se.*          Associate Judge

Andrew D. Goff,                         /s/ Sonja M.P. McCullen
Deputy Attorney General,                Associate Judge
for Defendants-Appellees