**Warren Y.S.C. ALBANO; Caroline C.S. Albano, Plaintiffs–Appellants,**

v.

**NORWEST FINANCIAL HAWAII, INC., Defendant–Appellee.**

No. 99–16109.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2001

Filed March 30, 2001

---

Gary V. Dubin, Dubin Law Offices, Honolulu, Hawaii, for the plaintiffs-appellants.

Bruce L. Lamon, Goodsill Anderson Quinn & Stifel, Honolulu, Hawaii, for the defendant-appellee.

Before: BETTY B. FLETCHER, FERNANDEZ, and PAEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Warren Y.S.C. Albano and Caroline C.S. Albano appeal from the district court's granting of the motion of Norwest Financial Hawaii, Inc., for summary judgment. The district court determined that the doctrine of res judicata barred the Albanos Truth in Lending Act claim for rescission of a real estate loan transaction with Norwest. *See* 15 U.S.C. §§ 1601–1667f (TILA). We affirm.

## BACKGROUND

On March 15, 1994, the Albanos obtained a loan from Norwest which was secured by a mortgage on real property, which may have been the Albanos principal residence.[1] At a later date, the loan was refinanced with Norwest and continued to be secured by the real property.

Thereafter, the Albanos defaulted and Norwest commenced judicial foreclosure proceedings on May 26, 1996. There is no dispute that the Albanos received notice of those proceedings. However, they failed to appear, their default was entered, and

---

1. There is a dispute about whether it was the Albanos' principal residence, but for purposes of this appeal we will assume that it was.

on January 13, 1997, the Hawaii Circuit Court issued findings of fact and conclusions of law, and entered judgment of foreclosure against them. It declared that the mortgage was valid, that it was foreclosed, and that the Albanos were "perpetually barred of and from any and all right, title, and interest in the mortgaged property." The judgment was declared to be final. The Albanos did not appeal.

Then, on March 12, 1997, the Albanos purported to rescind the 1994 loan on the basis that Norwest had not complied with TILA. *See* 15 U.S.C. § 1635. Norwest did not agree, and confirmation of the actual sale of the mortgaged property took place on August 19, 1997. However, on March 14, 1997, the Albanos had commenced this action. The district court ultimately determined that they could not maintain the action because they had not raised their TILA claim in the state foreclosure proceedings, although they could have done so. Thus, said the court, this action was barred by the principle of res judicata. This appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction over the TILA claim pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

■ We review the district court's grant of summary judgment on the basis of res judicata (claim preclusion) de novo. *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir.1997).

## DISCUSSION

■ The Albanos had the opportunity to participate in the state court proceedings that resulted in a judgment against them. We must, of course, " 'give the same preclusive effect to a state-court judgment as another court of that State would give [to it].' " *Int'l Evangelical Church v. Church of the Soldiers*, 54 F.3d 587, 590 (9th Cir.1995) (citations omitted). Therefore, we must look to the law of the State of Hawaii in order to determine the res judicata effect of the foreclosure judgment. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Sunkist Growers*, 104 F.3d at 283; *Gilbert v. Ben–Asher*, 900 F.2d 1407, 1410 (9th Cir. 1990). Under the law of Hawaii:

> The doctrine of *res judicata* basically provides that "[t]he judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation not only of issues which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided."

*Ellis v. Crockett*, 51 Haw. 45, 55, 451 P.2d 814, 822 (1969) (citations omitted). In Hawaii the doctrine is applied in a robust way. That is based upon the Hawaii Supreme Court's insistence that parties should be spared unnecessary vexation, expense, and inconsistent results; that judicial resources shall not be wasted; and that the "legal efficacy" of final judgments shall not be undermined, but rather that final determinations "by competent tribunals shall be accepted as undeniable legal truth." *Id.* at 57, 451 P.2d at 822. Thus, while everyone is given the opportunity to present a case, that is "limited to one such opportunity." *Id.*

■ To serve those ends, the courts of Hawaii ask three questions when they seek to determine whether res judicata should apply to a case. Two of those questions are: "Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" *Morneau v. Stark Enters., Ltd.*, 56 Haw. 420, 424, 539 P.2d 472, 475 (1975). Those two elements are met in this case. Clearly there was a final judgment by the state circuit court, which was not appealed. *See Kauhane v. Acutron Co., Inc.*, 71 Haw. 458, 464–65, 795 P.2d 276, 279 (1990); *see also Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398

(9th Cir.1992). It is equally pellucid that the Albanos and Norwest were parties to the state court foreclosure proceeding.

The other question asked by the courts in Hawaii requires a bit more analysis and discussion. It is: "Was the issue decided in the prior adjudication identical with the one presented in the action in question?" Actually, when applied in the context of claim preclusion in Hawaii, this means that when a claim concerns the same subject matter, the doctrine applies if the issues "could have been raised in the earlier state court actions." *Pedrina v. Chun,* 97 F.3d 1296, 1301 (9th Cir.1996); *see also Santos v. Hawaii, Dep't of Transp.,* 64 Haw. 648, 652–53, 646 P.2d 962, 965–66 (1982) (per curiam); *Aloha Unlimited, Inc. v. Coughlin,* 79 Hawaii 527, 537, 904 P.2d 541, 551 (Ct.App.1995); *Fuller v. Pac. Med. Collections, Inc.,* 78 Hawaii 213, 218–19, 891 P.2d 300, 305–06 (Ct.App.1995). We recognize that the Albanos defaulted in state court, but that does not matter. "[A] default judgment is a final judgment to which" res judicata principles apply. *Fuller,* 78 Hawaii at 219, 891 P.2d at 306. The only exception is for void judgments, and that does not apply here. *Id.*

There can be no doubt whatsoever that the Albanos TILA claim could have been litigated in the foreclosure action. It was a defense that would have ineluctably precluded foreclosure if the Albanos' claims are meritorious. The Albanos' complaint asserts as much. Were there the slightest doubt about the Albanos ability to raise a TILA counterclaim in the state court proceedings, the Supreme Court of Hawaii has dispelled that doubt. It has held that when a party sought to assert a TILA counterclaim,

> [h]is allegations of TILA violations centered around appellee's failure to disclose fully certain aspects of the loan. These loans were the very ones that

were the subject of appellee's claims.... [I]t seems "inescapable that credit terms are an integral part of a loan transaction." We find that appellant's claims arose out of the same loan transaction as appellee's suit and as such was a recoupment defense to diminish plaintiff's recovery.

*Pac. Concrete Fed. Credit Union v. Kauanoe,* 62 Haw. 334, 341, 614 P.2d 936, 940 (1980) (citations omitted). The Albanos, rather weakly, assert that in *Pac. Concrete* the provenance of the court's holding was a desire to help the debtor. Perhaps so, but legal principles often cut in two directions; if TILA claims arise out of the same transaction they do so for good or ill. The Albanos could have raised their defense in the state court action. They did not and it is now too late.[2] We do not, of course, decide what the result would be in a state where res judicata principles are enunciated or applied in a different manner. *See, e.g., Smith v. Wells Fargo Credit Corp.,* 713 F.Supp. 354, 357–59 (D.Ariz. 1989). We deal here with the preclusive effect of judgments entered in the courts of the State of Hawaii.

## CONCLUSION

Rights can be both powerful and transitory. If they are not asserted at the proper time, they may vanish forever. What was once puissant may become a mere simulacrum—an unreal shadow of its former self. So it is here. Once the Albanos allowed the state court to proceed to a final judgment of foreclosure against them, any right they had to rescind the underlying mortgage transaction vanished. The district court did not err.

AFFIRMED.

---

**2.** In an attempt to save their position, the Albanos point to *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998). However, *Beach* offers them no succor. That case simply held that the TILA recission right has a limited—three year—life.

*Id.* at 419, 118 S.Ct. at 1413. That fact merely sets out the right's maximum life span; it does not affect procedural or substantive requirements that might end its existence even earlier.