**Carl HANADEL, Plaintiff–Appellant,**

v.

**Phyllis SCHMIDT, Randy Blum, State of Alaska, Department of Corrections, and Spring Creek Correctional Center, Defendants–Appellees.**

No. 01–35842.

D.C. No. CV–98–424–A–HRH.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

MEMORANDUM **

Carl Hanadel appeals *pro se* the district court's dismissal of his Title VII and RICO claims against Alaska Department of Corrections, and individual defendants Randy Blum and Phyllis Schmidt. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we affirm.

All of Hanadel's claims against the State of Alaska and Defendant Blum were barred by *res judicata* as a result of the final judgment entered in favor of these parties by the Alaska Superior Court in Hanadel's prior litigation against these parties arising out of the same set of facts. *White v. State of Alaska,* 14 P.3d 956, 959–60 (Alaska 2000) (summarizing Alaska *res judicata* law); *Albano v. Norwest Financial Hawaii, Inc.,* 244 F.3d 1061, 1063 (9th Cir.2001). In addition, Hanadel's claims against Defendant Schmidt were properly dismissed because Title VII liability "does not extend to individual agents of the employer, even if that agent is a supervisory employee." *Pink v. Modoc Indian Health Project, Inc.,* 157 F.3d 1185, 1189 (9th Cir. 1998).

Because any further amendment would have been futile, the court did not abuse its discretion in denying leave to amend. *Sweaney v. Ada County,* 119 F.3d 1385, 1393 (9th Cir.1997) (leave to amend properly denied where amendment would be futile).

AFFIRMED

1. The district court properly concluded it was without jurisdiction over Hanadel's motion to vacate the underlying union arbitration decision because there was no independent basis of federal jurisdiction over this claim. *Garrett v. Merrill Lynch,* 7 F.3d 882, 884 (9th Cir. 1993).