CENTRAL GARDEN & PET CO., INC.,
a Delaware corporation, Plaintiff—
Appellant,

v.

The SCOTTS COMPANY, an Ohio
corporation, Defendant—
Appellee.

No. 02–16486.

D.C. No. CV–00–02465–MMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Jan. 15, 2004.

George Alan Yuhas, Jan E. Ellard, Thomas J. Horton, Orrick, Herrington & Sutcliffe LLP, Eugene Crew, Townsend & Townsend & Crew, LLP, James M. Wagstaffe, Alex K. Grab, Kerr & Wagstaffe, John T. Alioto, Alioto & Alioto, San Francisco, CA, John P. Gilligan, Schottenstein, Zon & Dunn, Columbus, OH, Thomas J. Horton, Orrick, Herrington & Sutcliffe, LLP, Washington, DC, for Plaintiff–Appellant.

Harold A. Barza, Harry A. Olivar, Jr., Quinn, Emanuel, Urquhart, Oliver & Hedges LLP, Los Angeles, CA, for Defendant–Appellee.

Before CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM*

Central Garden & Pet Company ("Central") appeals the district court's grant of summary judgment to The Scotts Company ("Scotts") on the ground of res judicata. We review de novo the district court's grant of summary judgment. *See Albano v. Norwest Fin. Hawaii, Inc.*, 244 F.3d 1061, 1063 (9th Cir.2001). We review the preclusive effect of the Ohio judgment in this case under Ohio state law. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508–09, 121 S.Ct. 1021, 149

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

L.Ed.2d 32 (2001). Because we conclude that Central's California antitrust claims and its Ohio contract claims (asserted as counterclaims) arose out of the same transactions, we affirm.

At the heart of both Central's Ohio contract claims and its California antitrust claims are agreements made between Scotts and the Monsanto Company ("Monsanto") for the distribution and marketing of Monsanto's RoundUp and Ortho products. Those agreements form the basis of the alleged destruction of competition in the lawn and garden, insecticide, herbicide, and fertilizer markets in the United States and they also form the basis of Central's contract claims against Scotts.[1] This identity of underlying subject matter is confirmed by the fact that Central sought similar damages, alleged similar motivations, and produced substantially similar evidence in both actions.

Under Ohio law, "a valid, final judgment rendered upon the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Township*, 73 Ohio St.3d 379, 653 N.E.2d 226, 229 (1995); *Holzemer v. Urbanski*, 86 Ohio St.3d 129, 712 N.E.2d 713, 716 (1999). To decide whether two claims arise out of the same transaction or occurrence, we weigh factors such as whether the facts are "related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982); *see also Ater v. Follrod*, 238 F.Supp.2d 928, 952 (S.D.Ohio 2002). As the district court fully and correctly explained in its summary judgment order, all of the above factors demonstrate that Central's Ohio contract and California antitrust claims arose out of the same transactions—the Scotts and Monsanto agreements. Central, therefore, should have brought its antitrust claims in the Ohio action. Because a valid, final judgment has been entered on Central's Ohio claims, Central is barred under the doctrine of res judicata from bringing its antitrust claims in California.

Scotts did not waive its res judicata defense. Scotts objected to Central's decision to split its claims between Ohio and California in its first responsive pleading to Central's Ohio contract claims. *See Wilkins v. Jakeway*, 993 F.Supp. 635, 651 (S.D.Ohio 1998), *rev'd on other grounds*, 183 F.3d 528 (6th Cir.1999) (holding that no acquiescence could be found where the defendant raised the defense of res judicata in its first and only answer filed to the plaintiff's complaint). Scotts' objection to Central's claim-splitting was sufficient under Ohio law. *See Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir.1998) (holding it sufficient to state in answer that "Plaintiffs' claims are barred by the doctrine of res judicata.").[2]

---

1. Central and Scotts allegedly had an oral contract to split the assets and liabilities of any business venture either company entered into with Monsanto. When Scotts did not invite Central into its venture with Monsanto, Central claimed breach of oral contract, fraudulent misrepresentation, and promissory estoppel.

2. Because Central failed to raise the issue of judicial estoppel before the district court, we do not address it here. *See Bankamerica Pension Plan v. McMath*, 206 F.3d 821, 825 (9th Cir.2000) ("The parties cannot raise new issues on appeal to secure a reversal of the lower court's summary judgment determination."); *cf. USA Petroleum Co. v. Atlantic Richfield Co.*, 13 F.3d 1276, 1284 (9th Cir. 1994) ("It is a general rule that a party cannot revisit theories that it raises but abandons at summary judgment.").

The judgment of the district court is

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.