**Gloria J. JONES and Charles R. Jones, Plaintiffs**

v.

**The FISHER LAW GROUP, PLLC et al., Defendants**

**No. RWT 03–CV–3112.**

United States District Court, D. Maryland.

Aug. 30, 2004.

---

849

Gloria J. Jones, Bowie, MD, pro se.

Charles R. Jones, Bowie, MD, pro se.

Edward J. Hutchins, Jr., Stacey Ann Moffet, Eccleston and Wolf PC, Baltimore, MD, for Defendants.

### MEMORANDUM OPINION

TITUS, District Judge.

#### I. Introduction

On October 30, 2004, Gloria J. Jones and Charles R. Jones (collectively "Jones") filed a complaint against The Fisher Law Group, PLLC, Jeffrey B. Fisher, Martin S. Goldberg, Doreen A. Strothman, and Edie C. Omer (collectively "Fisher"). The Complaint, without any specificity, vaguely alleges that Fisher violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.A. § 1692 et seq. This case now comes before the Court on the Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment [Paper No. 9] and the Plaintiffs' Motion for Judgment by Estoppel [Paper No. 10]. No hearing is deemed necessary. See D. Md. R. 105.6.

#### II. Background

In 1997, the Jones purchased property located at 14400 Dunstable Court, Bowie, MD 20721 ("Dunstable Court"). The Jones borrowed $296,544 of the purchase price from Eagle Funding Group SC, Inc., and Eagle sold the mortgage loan in the secondary market to Bank One National Association ("Bank One"). After the Jones defaulted on their mortgage loan, Bank One, represented by Fisher as its counsel, initiated foreclosure proceedings in the Circuit Court for Prince George's County, Maryland (Case No. CAE 99–27498). After three successive bankruptcy filings by the Jones, a foreclosure sale was conducted on September 26, 2003.[1]

1. Subsequently, a report of sale was filed, the required post sale notice was published and the Circuit Court ratified the sale on January 12, 2004.

On September 8, 2003, the Jones filed a curious document entitled "Lis Pendens" in the Circuit Court for Prince George's County (Case No. CAE 03–18161) against Residential Funding Corporation ("RFC") and Morequity, the servicers of the Jones' mortgage loan. The document was not a notice of lis pendens, but rather a complaint that sought a judgment against the Defendants and the release of the lien on the Dunstable Court property.

Less than a month later, on October 3, 2003, the Jones filed another bizarre and virtually unintelligible complaint in the Circuit Court for Prince George's County(Case No. CAE 03–22591) entitled "Verified Complaint and Breach of Agreement," in which they sued Bank One seeking, *inter alia,* a judgment against Bank One for "all monies exacted from Plaintiffs." Fisher served as counsel for a Defendant in both actions. On March 22, 2004, the Circuit Court granted a Motion to Consolidate the two actions and dismissed them both with prejudice for failure to state a claim upon which relief can be granted.

### III. The Jones' Motion for Judgment by Estoppel

The Court is unaware of the existence of a "Motion for Judgment by Estoppel," and therefore construes it as a motion for summary judgment. FED. R. CIV. P. 56(c) provides that summary judgment should be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The court must view the facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Further, "[a] party who bears the burden of proof on a particular claim must factually support each element of his or her claim." *Pathways Psychosocial v. Town of Leon-*

*ardtown, MD,* 133 F.Supp.2d 772, 779 (D.Md.2001).

The Jones have not set forth any facts that would entitle them to summary judgment. They attached an affidavit to their motion which recites the Jones' unilateral communications with various entities associated with the Dunstable Court loan, and asserted that "[a]n unrebutted affidavit stands as truth." However, the Jones' affidavit is confusing at best and does not go beyond the Complaint to provide any evidence that Fisher violated the FDCPA. In fact, the Jones fail to provide, by affidavit or otherwise, any evidence of deception or wrongdoing by Fisher. The Jones also request that this Court vacate the Maryland Circuit Court foreclosure judgment, but this Court does not have jurisdiction to grant such a request. *Friedman's, Inc. v. Dunlap,* 290 F.3d 191, 196 (4th Cir.2002). Any review of a Maryland Circuit Court judgment must be pursued in the appellate courts of the State of Maryland, not in this Court. Therefore, the Jones' Motion for Judgment by Estoppel will be denied.

### IV. Fisher's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment

A motion to dismiss ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir.1999). The court

need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir.1989), legal conclusions couched as factual allegations, *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir.1979).

■ First, the Jones' complaint does not state a claim upon which relief can be granted. The complaint alleges that Fisher violated 15 U.S.C. § 1692(e)(10)-(11) when Fisher did not "give the plaintiffs the right to dispute the purported debt" and "used deceptive means to attempt to collect this purported debt." These allegations, which the Jones support with an affidavit and a series of letters that appear to be wholly irrelevant, are mere conclusory statements that quote the FDCPA. Furthermore, the Jones do not provide, either in their complaint or any of their subsequent filings, any specific allegations of deception or wrongdoing by Fisher that would properly allege a violation of the FDCPA.

■ Second, the doctrine of res judicata bars the Jones' complaint. This doctrine provides that a judgment in an earlier case bars all matters which were and *could have been* litigated in the earlier case from being re-litigated in a later case. *MPC. Inc. v. Kenny,* 279 Md. 29, 32, 367 A.2d 486, 488-89 (1977). Section 1738 of Title 28 of the United States Code "does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken." *In re Genesys Data Techs., Inc.,* 204 F.3d 124, 127 (4th Cir. 2000) (quoting *Kremer v. Chem. Constr. Corp.,* 456 U.S. 461, 481-82, 102 S.Ct. 1883

1898, 72 L.Ed.2d 262 (1982)). Under Maryland law, the doctrine of res judicata incorporates three elements: "(1) the parties in the present litigation should be the same or in privity with the parties to the earlier case; (2) the second suit must present the same cause of action or claim as the first; and (3) in the first suit, there must have been a valid final judgment on the merits by a court of competent jurisdiction." *Colandrea v. Wilde Lake Cmty, Ass'n,* 361 Md. 371, 389, 761 A.2d 899, 908 (2000) (quoting *deLeon v. Slear,* 328 Md. 569, 580, 616 A.2d 380, 385 (1992)).

■ Here, all three elements are present. Fisher is in privity with the Defendants in the two consolidated Prince George's County cases, and acted as counsel for the Defendants in those cases. Though Fisher was not technically a party to the state claims, Maryland courts have declined to require that the party asserting res judicata be a party in the first suit where, as here, the party against whom res judicata is asserted, "deliberately select[ed] his forum and there unsuccessfully present[ed] his proofs." *Pat Perusse Realty Co. v. Lingo,* 249 Md. 33, 38, 238 A.2d 100, 104 (1968) (citations omitted). Here, the Jones received a full and fair opportunity to present their claims regarding the enforcement of the Dunstable Court mortgage in state court, but chose not to join Fisher as a defendant in their two state court actions. Therefore, the Court concludes that, for the purposes of res judicata, Fisher is in privity with the Defendants in the two Prince George's County cases.

■ Moreover, the Jones are attempting to relitigate the same claim here as in their state court cases. While the Jones brought their federal case under the FDCPA and the state claims under different federal statutes, this distinction is not dispositive under the transaction test adopted by Maryland courts. *See Kent*

*County Bd. Of Educ. v. Bilbrough,* 309 Md. 487, 497–500, 525 A.2d 232, 237–39 (1987). "When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19) the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *de-Leon,* 328 Md. at 589, 616 A.2d 380 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982)). Such an inquiry requires the Court to consider whether the facts of each case "are related in time, space, origin or motivation." *Id.* at 590, 616 A.2d 380. Here, the Jones' claims in both the federal and state courts arose out of the same transaction: their mortgage loan for the purchase of the Dunstable Court property. In fact, the Jones include the same supplemental materials with both the federal and state complaints. Therefore, under the transaction test, the second element of res judicata has been met.

Finally, the circuit court issued a valid final judgment on the merits. For the purposes of res judicata, Maryland courts have differentiated between a dismissal based on procedural or technical errors and a dismissal based on substantive defects. *See Moodhe v. Schenker,* 176 Md. 259, 267, 4 A.2d 453, 457 (1939) ("It is undoubtedly true that cases do arise under some circumstances in which the disposition of them on demurrer is not conclusive; but such cases are confined to those in which the demurrer is directed to formal and technical defects."). The Circuit Court for Prince George's County dismissed with prejudice both of the Jones' complaints for failure to state a claim. The Jones' complaints were not dismissed for a procedural or technical error, but instead for an inability on the part of the Plaintiffs to allege a cause of action.

Thus, the Maryland court decision was a final judgment

## V. Rule 11 Sanctions

 From a review of all of the pleadings filed by the Plaintiffs, including their unsuccessful actions in the Circuit Court for Prince George's County, it appears to the Court that this case involves a simple matter of a mortgage loan delinquency followed by a successful foreclosure proceeding conducted entirely in accordance with Maryland law. Rather than to accept the judgment of the Maryland state court system, the Plaintiffs have chosen to bring not one, but three vexatious suits, two in the Circuit Court for Prince George's County, and one in this Court. The flurry of notices, demands and bizarre pleadings filed by the Jones appear to be patterned after various debt avoidance devices which the Comptroller of the Currency has characterized as "fraudulent schemes." *See* Alert 2003–12 issued by the Comptroller of the Currency on October 31, 2003, entitled "Debt Elimination Schemes."

Even more troubling is the fact that the suit filed in this Court is against members of the bar who, so far as the record appears, conducted themselves entirely in accordance with the obligations of their profession in the legitimate representation of their clients in Maryland state court proceedings. The defense of frivolous suits brought by disgruntled losers in properly conducted proceedings should not be an occupational hazard of the legal profession. Undoubtedly, defense of this action by attorneys who only carried out their professional responsibilities to their clients has exposed them to considerable inconvenience and expense, including notification to malpractice insurers, the expense of the defense of this action and a lifetime requirement to explain this action in the

future, including applications for judgeships.

Accordingly, the Court, in accordance with the provisions of Rule 11(c)(1)(B) of the Federal Rules of Civil Procedure will enter a separate Order directing the Plaintiffs to show cause why sanctions should not be entered against them for their filing of frivolous pleadings in this Court as described above. The Defendants are requested to promptly submit to the Court an affidavit setting forth the actual legal expenses incurred by them, and any insurer for them, in the defense of this action.

## VI. Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment [Paper No. 9] will, by separate Order, be GRANTED, and the Plaintiffs' Motion for Judgment by Estoppel [Paper No. 10] will be DENIED.