Joanne CROSS, Plaintiff—Appellant,

v.

Scott C. ARAKAKI; Kessner Duca Umebayashi Bain & Matsunaga Attorneys at Law, A law corporation, Defendants—Appellees.

No. 07–15455.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 18, 2008.

Filed July 1, 2008.

Michael P. Kalish, Esq., Honolulu, HI, for Plaintiff–Appellant

Steven Guttman, Esq., Kessner Duca Umebayashi Bain & Matsunaga, Honolulu, HI, for Defendants–Appellees.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

## MEMORANDUM [*]

Joanne Cross appeals from summary judgment entered in favor of Scott C. Arakaki and his law firm in her action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), and Hawaii's unfair and deceptive trade practices law, HRS § 480–2. We affirm.

For purposes of res judicata, there is no question that there was a final judgment on the merits of InPac Realty's eviction suit against Cross. *See Albano v. Norwest Fin. Haw., Inc.,* 244 F.3d 1061, 1063–64 (9th Cir.2001) (indicating that Hawaii courts apply res judicata when there is a final judgment on the merits in the original suit, the issues raised are the same, and both parties to the case are the same or were in privity with the parties in the original suit); *In re Dowsett Trust,* 7 Haw. App. 640, 791 P.2d 398, 402 (1990) (settlement dismissing case with prejudice con-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

stitutes final judgment for purposes of claim preclusion under Hawaii law). The issues raised in the FDCPA action arise out of the same conflict and the same conduct that was at issue in the eviction suit, in which Cross raised her cross-complaint against InPac. *See Pedrina v. Chun,* 906 F.Supp. 1377, 1403–06 (D.Haw. 1995). The issues in both actions also pertain to Cross's lease. *Id.* A claim under Haw.Rev.Stat. § 480–2 is common to both. Cross could have pursued her FDCPA claims against InPac (with whom Arakaki was in privity for this purpose) or Arakaki in the original action. *See In re Dowsett,* 791 P.2d at 402–03 (endorsing a functional approach to privity analysis). Because Cross's FDCPA claim "could have been raised in the earlier state court action[ ]," it may be considered the same for purposes of claim preclusion under Hawaii law. *See Albano,* 244 F.3d at 1064 (internal quotation marks omitted). Accordingly, under Hawaii's "robust" res judicata rules, *see id.,* Cross's FDCPA action is barred.

Given this disposition, we do not need to consider Cross's remaining arguments.

AFFIRMED.

RYMER, Circuit Judge, dissenting:

I part company because I do not believe the issues raised in the eviction suit are the same as those raised in the FDCPA action. The facts are not related, nor would the actions make a convenient trial unit. *See Jones v. Fisher Law Group,* 334 F.Supp.2d 847, 851–52 (D.Md.2004) (applying test set forth in Restatement 2d of Judgments § 24). Even assuming that Cross could have brought a third-party complaint against Arakaki in the original action, the FDCPA claims do not involve the lease itself but the use of unfair methods of enforcing Cross's obligations. For sure, Arakaki's conduct was mentioned in the cross-complaint, and thus was known to Cross at the time. However, Arakaki had no interest in the outcome of the eviction action except as counsel for InPac; the eviction action resolved—and could only resolve—whether Cross had the right to stay in her apartment. The FDCPA suit, on the other hand, puts Arakaki's practices at issue and subjects him to personal liability. In this sense, the legal consequences of a successful FDCPA action are different from the original suit. *See Ellis v. Crockett,* 51 Haw. 45, 56, 451 P.2d 814 (1969). Further, pursuit of an FDCPA cross-complaint in the eviction suit would have complicated that action, prolonged it, and conflicted InPac's counsel, which would have adversely affected the manageability of the summary proceeding. In addition, the state district court is a court of limited jurisdiction that is neither established nor set up for hearing matters such as those arising under the federal act. *See HRS § 604–5.* Finally, it seems to me that Arakaki did not have the same interests as InPac in the eviction suit; InPac's interest was to gain possession of Cross's apartment, to collect rents allegedly owed by Cross, and to defeat Cross's claims under the lease agreement. Accordingly, I don't think Arakaki was in privity with InPac, either.

Nor do I believe the FDCPA action is barred either by the release—which is limited to parties to the eviction action—or by collateral estoppel, because neither the FDCPA claim nor the HRS § 480–2 claim was litigated in that suit.

I would, therefore, reverse.