Delorise OWENS, et al., Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

Civil Action No. AW–08–991.

United States District Court, D. Maryland, Southern Division.

Oct. 16, 2008.

Diane Martin Littlepage, Glen Burnie, MD, for Plaintiffs.

Allen F. Loucks, Office of the United States Attorney, Baltimore, MD, for Defendants.

### *MEMORANDUM OPINION*

ALEXANDER WILLIAMS, JR., District Judge.

Presently pending and ready for resolution in this survival action and wrongful death claim, is Defendants' motion to dismiss, or in the alternative, for summary judgment. The Court has reviewed the entire record, as well as the pleadings and exhibits. The issues have been fully briefed by the parties, and this matter is now ripe for review. For the reasons set forth below, the Court will grant in part and deny in part Defendants' Motion for Summary Judgment.

## I.  Background

### A.  Factual Background

On May 12, 1997, the Bureau of Primary Health Care ("BPHC") issued a letter to Greater Baden Medical Services ("GBMS"). In relevant part, the letter stated that, "[t]he [BPHC], in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA") . . . deems [GBMS] to be an employee of the Federal Government, effective October 1, 1997." (Paper No. 9 Ex. 1) Section 244(a) of the PHS provides medical malpractice liability protection under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 (2006), *et seq.* Coverage under the FTCA applies to deemed entities and "any officer, governing board member, or employee of such an entity who is a physician or other licensed or certified health care practitioner. . . ." 42 U.S.C. § 233(g)(1)(A) (2006). Effective October 1, 2002, the BPHC required that all deemed health centers reapply for malpractice protection each year in order to continue receiving the medical malpractice protection under the FSHCAA. On May 6, 2005, GBMS received a second deeming letter, similar to the one issued in 1997. The letter identified the effective dates of medical malpractice coverage as January 1, 2005 through December 31, 2005. No other deeming letters exist. GBMS submitted an application for federal assistance in 2002, 2003, and 2004. (Paper No. 15 Exs. 5, 6, 7, 8, and 9) The grant manage-

ment officer of the Department of Health and Human Services' Health Resource and Services Administration ("HRSA") approved each application. (*Id.*)

Prior to May 2004, Barbara Jameson ("Decedent") received her primary care and treatment at GBMS. Physicians at GBMS treated Decedent until her death on June 24, 2005. During this time period, Physicians did not advise Decedent to have, nor did Decedent obtain regular screening examinations such as PAP smears or colon cancer screenings. On or about April 11, 2005, Decedent was presented to an emergency room with complaints of abdominal pain. While hospitalized, Decedent underwent radiological studies, which revealed a mass on Decedent's transverse colon. Shortly thereafter, Decedent underwent exploratory surgery and was diagnosed with a massive intra-abdominal cancer. The extent of Decedent's intra-abdominal cancer suggested that the cancer had been present during the time of the care and treatment at GBMS. Decedent passed away June 24, 2005.

## B. Procedural Background

On October 15, 2007, Plaintiffs filed a complaint with Department of Health and Human Services in Washington, D.C. for Decedent's wrongful death. Then, on April 18, 2008, Plaintiffs filed a four count complaint in this Court. Plaintiffs bring this complaint under the FTCA and state law. Count I of the Complaint is a survival action, and Counts II through IV are wrongful death claims. Defendants filed the instant motion to dismiss, or in the alternative for summary judgment on June 3, 2008. On September 23, 2008, the Court conducted a telephonic hearing. As a result, the Court allowed Defendants to supplement their motion. Defendants filed a supplemental brief in support of their motion on October 3, 2008 (Paper No. 15). Plaintiffs filed their supplemental op-

position to the motion on October 7, 2008 (Paper No. 17).

## II. Standard of Review

Of central importance to Defendants' motion is whether, during all times relevant to this action, Greater Baden Medical Services, Inc. was a *deemed* PHS entity entitled to liability protection under the FTCA, for itself and its employees. Exhibits 1, 2 and 5 attached to Defendants' motion and 5 through 9 attached to Defendants' supplemental memorandum discuss GBMS's status as a deemed entity. Federal Rule of Civil Procedure 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." The Court will consider these exhibits and therefore, treat the motion as one for summary judgment.

### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED.R.CIV.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir.1990). A genuine dispute exists if a reasonable factfinder could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505. Only disputes over facts that might affect the outcome of the case under governing law will preclude summary judgment. *Id.* at 252, 106 S.Ct. 2505; *Thompson Everett, Inc. v. National Cable Advertising*, 57 F.3d 1317, 1323 (4th Cir.1995).

The Court must view the facts in the light most favorable to the non-movant. *Anderson* 477 U.S. at 255, 106 S.Ct. 2505. Further, "[a] party who bears the burden

of proof on a particular claim must factually support each element of his claim." *Jones v. Fisher Law Group, PLLC,* 334 F.Supp.2d 847, 850 (D.Md.2004). Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505.

## III. Analysis

Defendants advance two arguments in their motion. First, they argue that GBMS was, at all times relevant to this action, a deemed PHS entity entitled to medical malpractice liability protection under the FTCA, and therefore the United States is the only cognizable defendant in this case. Second, they argue that because the FTCA is the only remedy available to Plaintiffs, the claim is time-barred as Plaintiffs failed to present their claim to the relevant agency within two years of the accrual of the cause of action as required by the FTCA. *See* 28 U.S.C. § 2401(b).

### A. GBMS's Status as a Deemed Federal Employee

■ Plaintiffs assert that between 2002 and 2005, the time period when the Decedent received the majority of her treatment at GBMS, GBMS was not a deemed PHS entitled to medical malpractice protection under the FTCA. The United States contends that, even though deeming letters were not issued between 2002 and 2005, GBMS applied for and was awarded federal grant support from HRSA at all times relevant to the complaint, and that once the HRSA approves a grant application for federal assistance, the entity automatically receives coverage under the FTCA. The Court examined the FSHCAA and disagrees.

■ Section (g)(1)(A) states that, "*subject to the approval by the Secretary of an application under subparagraph (D), an entity described in paragraph* (4) ... shall be deemed to be an employee of the Public Health Service for a calendar year ...." (emphasis added) Paragraph 4 refers to "a public or non-profit entity receiving Federal funds under section 254(b)." It cannot be disputed that in order to receive federal assistance, public or non-profit health centers must first submit an application. Thus, the "application" mentioned in section (g)(1)(A) must be a different application, separate and apart from the application submitted for federal funding, otherwise the statute would be redundant. Also, subparagraph D specifically states that the "Secretary may not under subparagraph (A) deem an entity ... unless the entity has submitted an application *for such deeming.*" (emphasis added) The language is clear. To be deemed an employee of the United States and receive coverage under the FTCA, a public or non-profit health care center must apply for such deeming.

The United States also argues that a "deeming letter is not required under the plain language of the FSHCAA." (Paper No. 15 p. 4) Yet, it furnished the Court with two deeming letters, one dated May 12, 1997 (Paper No. 9 Ex. 1) and another dated May 6, 2005. (Paper No. 9 Ex. 2) The Court does not believe that the BPHC would issue a deeming letter if it was not required or necessary. Section (E) of the FHSCAA states that the "Secretary shall make a determination of *whether* an entity or ... employee of the entity is deemed to be an employee of the [PHS] for the purposes of this section within 30 days after receipt of an application under subparagraph (D)." (emphasis added) The word "whether" informs the Court that becoming a deemed entity is not, as the Government suggests, a fait accompli when an

entity receives federal funding but rather a separate consideration undertaken by the Secretary of Health and Human Services. Thus, the deeming letter confirms the Secretary's approval of the deeming application. The letter also defines the ambits of FTCA coverage and outlines what deemed centers must do in order to maintain FTCA coverage. (Paper No. 9 Ex. 5) Moreover, section (G) discusses the "case of an entity described in paragraph (4) that has *not submitted an application* under subparagraph (D)." Again, paragraph (4) refers to public or non-profit entities receiving federal funding. Thus, paragraph (G) further evinces the fact that just because an entity receives federal funding does not automatically mean it is deemed.

According to the May 1997 letter, the effective date of coverage was October 1, 1997. The letter did not specify any end date, and prior to October 1, 2002, the BPHC's redeeming requirements varied from grantee to grantee. Therefore, without any proof to the contrary, it is reasonable to believe that GBMS's deemed status was effective until the BPHC began to require yearly renewal. The May 2005 letter states that the effective dates of medical malpractice coverage are January 1, 2005 through December 31, 2005.[1] GBMS was not deemed a federal employee entitled to protection under the FTCA between October 1, 2002 and December 31, 2004, because the Government failed to produce any deeming letter in support of their assertion, and in fact stated on the record during the telephonic conference, that no other deeming letters exist. Instead, the Government filed the Declaration of Richard G. Bergeron, Senior Attorney in the Department of Health and Human Services Office of General Counsel and a Certification from United States Attorney, Rod J. Rosenstein.[2] (Paper No. 9 Ex. 3 and 4) Mr. Bergeron stated that GBMS's deemed status began on October 1, 1997 and continued without interruption to the present time, and that at all times relevant to Plaintiffs' claim, GBMS and Dr. Croff were deemed to be employees of the United States Public Health Service. (*Id.*) The Government would like the Court to view Mr. Bergeron's Declaration as tantamount to a deeming letter. The Court concludes, however, that if GBMS was in fact entitled to FTCA coverage after the yearly renewal requirement became effective, then deeming letters would exist. Thus, the Government has failed to demonstrate to the Court's satisfaction that GBMS and its employees were covered under the FTCA between October 1, 2002 and December 31, 2005. Therefore, the motion for summary judgment as to Defendants GBMS and Dr. Croff is denied.

**B. Claims Against the United States under the FTCA**

■ The Government has established that prior to October 1, 2002 and after December 31, 2004, GBMS was a deemed PHS entity and entitled to coverage under the FTCA. Thus, the United States is the proper defendant with respect to any alleged acts of medical negligence that took place before October 1, 2002 or after December 31, 2004. The FTCA governs all cases sounding in tort brought against the

---

1. These dates further demonstrate the requirement that PHS entities renew their deemed status on an annual basis.

2. The certification simply stated that Dr. Croff was acting within the scope of his employment as an employee of the deemed PHS entity, GBMS. Whether the alleged negligent acts were committed by Dr. Croff while he was acting within the scope of his employment does not appear to be at issue. Therefore, Mr. Rosenstein's certification is of no consequence.

United States. *See* 42 U.S.C. § 233(a), (g); 28 U.S.C. § 2671, *et seq.* The FTCA requires that plaintiffs exhaust their administrative remedies by presenting the claim to the appropriate administrative agency for adjudication. Failure to file a claim "within two years after [it] accrues" bars the claim forever. 28 U.S.C. § 2401(b). Plaintiffs allege that Decedent's death was a result of the treatment and care she received from GBMS and Dr. Croff. Decedent died June 24, 2005, but Plaintiffs did not file a claim until October 2007. Plaintiffs acknowledge that their complaint was untimely, but beseech the court that there was "substantial compliance" with the FTCA since the claim was filed "within mere months" of the two year statute of limitations and the United States is not prejudiced by the suit. While the Court is sympathetic to Plaintiff's argument, the FTCA clearly states that "a tort claim shall be forever barred, unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b). Therefore, the motion for summary judgment as to the United States is granted.

### C. Remaining Claims against GBMS and Dr. Croff

Plaintiffs' originally filed suit in this Court alleging claims both under the FTCA and state law. 28 U.S.C. § 1367 gives district courts supplemental jurisdiction over all other claims that involve the same case or controversy over which the district court has original jurisdiction. Once a district court dismisses all claims over which it had original jurisdiction, the district court may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(4). The Court declines to exercise supplemental jurisdiction and tolls any relevant statute of limitations until the Plaintiffs file suit in the appropriate state court, in accordance with the 28 U.S.C. § 1367(d).

### CONCLUSION

The Court finds that between October 1, 2002 and December 31, 2004, GBMS and its employees were not deemed entities entitled to protection under the FTCA, and dismisses Plaintiffs claims against them, without prejudice. To the extent that any actions of the alleged actions took place during the time period that GBMS was a deemed PHS entity, those claims are dismissed with prejudice, since Plaintiffs failed to present their claim to the appropriate agency within the two year statute of limitation under the FTCA. A separate order will be entered.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, IT IS this *16th day of October, 2008,* by the United States District Court for the District of Maryland, hereby **ORDERED:**

1. That Defendant's Motion for Summary (Doc. No. 19 and 15) BE, and the same hereby IS, **GRANTED–IN–PART** and **DENIED–IN–PART;**

2. That the motion with respect to the United States of America is **GRANTED;**

3. That all claims against the United States of America are dismissed with prejudice;

4. That the motion as with respect to GBMS and Dr. Croff is **DENIED;**

5. That Plaintiffs' remaining state law claims against GBMS and Dr. Croff are dismissed, without prejudice;

6. That the Clerk CLOSE this case;

7. That the Clerk of the Court transmit a copy of this Order to all counsel of record.