**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICK MCLELLAN, | No. 15-15813 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-00391-MMD-WGC |
| v. | |
| CHRIS PERRY, in his individual capacity; JAMES WRIGHT, in his official capacity as Director of the State of Nevada Department of Public Safety; JAROLD HAFEN, in his individual capacity; TONY ALMARAZ, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted December 15, 2016
San Francisco, California

Before:  LUCERO,** GRABER, and HURWITZ, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Carlos F. Lucero, Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

Plaintiff Rick McLellan timely appeals the dismissal of his claims, under 42 U.S.C. § 1983, against Defendant James Wright, sued only in his official capacity as the Nevada Director of Public Safety, and against Defendants Tony Almaraz, Chris Perry, and Jarold Hafen, sued only in their individual capacities. Reviewing de novo the district court's conclusion that claim preclusion bars this action against all Defendants, Albano v. Norwest Fin. Haw., Inc., 244 F.3d 1061, 1063 (9th Cir. 2001), we affirm in part, reverse in part, and remand.

In determining whether claim preclusion applies to the administrative decision, we ask whether the Nevada courts would apply claim preclusion.[1] Miller v. County of Santa Cruz, 39 F.3d 1030, 1032–35 (9th Cir. 1994). Nevada has a "three-part test for determining whether claim preclusion should apply: (1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." Five Star Capital Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008) (footnotes omitted).

---

[1] At oral argument, Plaintiff argued that the standard of proof in the administrative proceeding violated due process and that, therefore, the requirements of United States v. Utah Construction & Mining Co., 384 U.S. 394, 422 (1966), are not met. Because Plaintiff failed to raise this argument specifically and distinctly in his opening brief, the argument is waived. Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999); Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994).

1. Privity exists only with respect to Defendant Wright. The named party in the administrative proceeding was the Nevada Department of Public Safety and the relief sought was reinstatement; the remedies sought against Defendant Wright in this proceeding include an injunction mandating reinstatement. We conclude that the Nevada courts, in light of their recent application of the Five Start privity test, Weddell v. Sharp, 350 P.3d 80, 82–83 (Nev. 2015), would adopt the prevailing rule that "[l]itigation involving the government is generally binding with respect to governmental officials who are sued in their official capacities in later actions. . . . By contrast, a judgment against a government does not bind its officials sued in their personal capacities." Headley v. Bacon, 828 F.2d 1272, 1279 (8th Cir. 1987) (citations omitted); accord Goldstein v. Galvin, 719 F.3d 16, 23 (1st Cir. 2013); Mitchell v. Chapman, 343 F.3d 811, 822–23 (6th Cir. 2003); Willner v. Budig, 848 F.2d 1032, 1034 n.2 (10th Cir. 1988) (per curiam); Conner v. Reinhard, 847 F.2d 384, 394–95 (7th Cir. 1988); State v. Doherty, 167 P.3d 64, 72 (Alaska 2007); 18A Charles Alan Wright et al., Federal Practice and Procedure § 4458 (1981); Restatement (Second) of Judgments § 36(2) (1982). Accordingly, privity exists between the agency and Defendant Wright, who is sued in his official capacity; but privity does not exist between the agency and the other three Defendants, who are sued in their individual capacities.

2. The administrative decision was final.

3. Under Nevada law, Plaintiff could have brought the "same claim" against the Nevada Director of Public Safety in the first case, had he availed himself of judicial review. Holcombe v. Hosmer, 477 F.3d 1094, 1098–99 (9th Cir. 2007). Additionally, we conclude that the Nevada courts would adopt the rule that, "[i]f an adequate opportunity for review is available, a losing party cannot obstruct the preclusive use of the state administrative decision simply by foregoing her right to appeal." Plaine v. McCabe, 797 F.2d 713, 719 n.12 (9th Cir. 1986); accord Miller, 39 F.3d at 1034 n.3; Guild Wineries & Distilleries v. Whitehall Co., 853 F.2d 755, 761–62 (9th Cir. 1988).

In sum, the district court correctly concluded that claim preclusion bars this action against Defendant Wright, but the court erred by holding that claim preclusion bars this action against the other Defendants. Because the district court declined to reach Defendants' alternative arguments for dismissal, we express no view on any issue other than claim preclusion.

**AFFIRMED in part; REVERSED in part and REMANDED.** Costs on appeal awarded to Plaintiff-Appellant.